IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kunashawn Fairchild,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-13-1996-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

Kunashawn Fairchild filed a Petition for Writ of Habeas Corpus challenging his convictions, pursuant to a plea agreement, in Maricopa County Superior Court for robbery and armed robbery. His Petition alleges that he received ineffective assistance of trial and post-conviction counsel, and that he did not intelligently, knowingly, and voluntarily enter into his plea. As explained below, the Court recommends that Fairchild's petition be denied and dismissed with prejudice.

## BACKGROUND

In November 2009, the State charged Fairchild by information in Maricopa County Superior Court with 10 counts of theft, robbery and burglary. (Doc. 8, Ex. B) Later, the State also alleged that Fairchild had had historical priors and had committed these offenses while on release from confinement, that the offenses in the information were not committed on the same occasion, that the offense of armed robbery was dangerous, and that aggravating circumstances existed. (Doc. 8, Exs. E, F, G, H, I)

After Fairchild's initial attorney raised concerns, the Superior Court appointed a psychiatrist and a psychologist to evaluate Fairchild's competency. (Doc. 8, Exs. C, S at 8) Based on these evaluations, the Court found that Fairchild was criminally incompetent under A.R.S. § 13-4510, and ordered that he receive the treatment necessary to restore his competency. (Doc. 8, Ex. D) Several months later, the Court held a competency hearing and determined that Fairchild understood the proceedings, was able to assist counsel with his defense, and that he was competent pursuant to A.R.S. § 13-4510(B).

On November 5, 2010, Fairchild entered a plea of guilty to one count of armed robbery and one count of robbery. (Doc. 8, Exs. K, L) On January 18, 2011, Fairchild was sentenced to a slightly aggravated term of 12 years for the armed robbery count, to run concurrently with a presumptive term of 2.5 years for the robbery count. (Doc. 8, Ex. M at 12-13)

On February 24, 2011, Fairchild filed a Notice of Post-Conviction Relief in Maricopa County Superior Court. (Doc. 8, Ex. N) In the following months, he filed several other motions including a request for counsel. (Doc. 8, Exs. O, P) Before counsel was appointed, Fairchild filed a Petition. (Doc. 8, Ex. P) Subsequently, the Court appointed Fairchild counsel who reviewed the record and informed the Court that he did not believe that sufficient factual or legal grounds existed for post-conviction relief. (Doc. 8, Exs. Q, R) Fairchild then filed a *pro per* Petition alleging that he did not understand the proceedings when he entered into the plea agreement, that there was insufficient evidence to support the charges, and that he had received ineffective assistance of trial counsel. (Doc. 8, Exs. S, T) The State responded and, on November 7, 2012, the Superior Court summarily dismissed his Petition after finding that Fairchild had reviewed the plea agreement with his attorney and understood it, his plea of guilty meant that he had waived his argument about the sufficiency of evidence, and his ineffective assistance claim did not meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 8, Exs. U, V)

Fairchild requested and received an extension of time in which to file a petition for review in the Arizona Court of Appeals. (Doc. 8, Ex. W) When he did not file anything, the Court of Appeals dismissed his matter. (*Id.*)

On July 15, 2013, Fairchild filed a Notice of Post-Conviction Relief in Maricopa County Superior Court alleging ineffective assistance of trial and post-conviction counsel. (Doc. 8, Ex. X) The Court found that he could not raise his claim against trial counsel in a successive and untimely Rule 32 proceeding, that ineffective assistance of post-conviction counsel was not a colorable claim, and dismissed his Notice. (Doc. 8, Ex. Y)

On July 26, 2013, Fairchild filed another Notice of Post-Conviction Relief in Maricopa County Superior Court and argued that he could raise his ineffective assistance of counsel claims under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Doc. 8, Ex. Z) The Superior Court found that *Martinez* did not apply to Fairchild's state court claims and dismissed his Notice. (Doc. 8, Ex. AA)

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural

1  bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis
2  for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*,
3  536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of
4  federal law because they do not depend upon a federal constitutional ruling on the
5  merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist
6  when a state strictly or regularly follows its procedural rule). *See also Ylst v.
7  Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

8  An implied procedural bar exists if a claim was not fairly presented in state court
9  and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288,
10 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d
11 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999)*; White v.
12 Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

13 This Court can review a procedurally defaulted claim if the petitioner can
14 demonstrate either cause for the default and actual prejudice to excuse the default, or a
15 miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321
16 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986);
17 *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**FAIRCHILD'S CLAIMS ARE BARRED**

19 Fairchild did not exhaust any of the claims in his habeas petition and an implied
20 procedural bar now exists to prevent him from doing so. To meet the exhaustion
21 requirement, Fairchild needed to fairly present his claims to the Arizona Court of Appeals
22 by providing the facts underlying his claims and the federal basis of those claims.
23 Fairchild never filed anything in the Arizona Court of Appeals and, therefore, he did not
24 exhaust his claims.

25 In addition, Fairchild's claims are now subject to an implied procedural bar
26 because his claims were not fairly presented in state court and no state remedies remain
27 available to him because he is now precluded or time-barred from raising his claims in a

successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Fairchild raises two arguments to justify review of his Petition. First, he argues that he could not meet the petition for review deadlines "due to his mental difficulties." (Doc. 1 at 6, 7) Fairchild does not elaborate on this claim and the record does not include any indication that he was not competent during his *pro per* post-conviction proceedings. Moreover, Fairchild filed multiple Notices for Post-Conviction Relief in the state courts. As a result, this Court cannot review Fairchild's claim because "a pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for postconviction relief to a state court.'" *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 579 (2012) (quoting *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir.1986)).

Next, Fairchild seems to argue that this Court should hear his claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).[1] In *Martinez*, the U.S. Supreme Court held that in states like Arizona where "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 1320. As part of a successful claim, Fairchild must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [he] must demonstrate that the claim has some merit." *Id*. at 1318. *See also Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014).

---

[1] Respondents construe Fairchild's claim to argue that he received ineffective assistance of post-conviction counsel. (Doc. 8 at 16) This claim is unpersuasive because "an individual does not have a constitutional right to counsel in post-conviction proceedings, so [Fairchild] 'must bear the risk of attorney error that results in a procedural default.'" *Clabourne v. Ryan*, 745 F.3d 362, 375 (9th Cir. 2014) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).

Here, Fairchild raised his claim of ineffective assistance of trial counsel in his first *pro per* Rule 32 Petition. (Doc. 8, Exs. S, T at 7) There, he claimed that he only accepted the plea because his counsel told him that he would receive a nine year sentence and, instead, he received a 12 year sentence (*Id*.) The Superior Court analyzed the substance of this claim and found that he did not show either deficient performance by defense counsel or that his counsel's deficient performance prejudiced his defense. (Doc. 8, Ex. V) Accordingly, Fairchild has not shown that his underlying claim of ineffective assistance of trial counsel has any merit and, thus, he cannot meet his burden under *Martinez* to excuse his procedural default.

Finally, Fairchild has not argued, nor does the record demonstrate, that a miscarriage of justice occurred such that his procedural default should be excused.

**IT IS THEREFORE RECOMMENDED** that Kunashawn Fairchild's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of May, 2015.

David K. Duncan
United States Magistrate Judge